Edward J. Wynne  (SBN 165819)
  ewynne@wynnelawfirm.com
George Nemiroff (SBN 262058)
  gnemiroff@wynnelawfirm.com
WYNNE LAW FIRM
80 E. Sir Francis Drake Blvd., Ste. 3G
Larkspur, CA 94939
Telephone    (415) 461-6400
Facsimile    (415) 461-3900

Bryan J. McCormack (SBN 192418)
  bryan@mcelawfirm.com
MCCORMACK & ERLICH, LLP
150 Post Street, Suite 742
San Francisco, CA 94108
Telephone     (415) 296-8420
Facsimile     (415) 296-8552

Plaintiffs' Counsel

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICIA CIPOLLA and ALEXIS WOOD, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>TEAM ENTERPRISES, LLC; NEW TEAM LLC, doing business as TEAM ENTERPRISES,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**[CLASS ACTION]**<br><br>1. 29 U.S.C. § 216(b) (FLSA Wages)<br>2. Labor Code §§ 510, 1194 (Cal. Wages)<br>3. Labor Code §§ 226.7, 512 (Meal Breaks)<br>4. Labor Code § 226.7 (Rest Breaks)<br>5. B&P § 17203 (Cal. Wages)<br>6. B&P § 17203 (Meal and Rest Breaks)<br>7. Labor Code § 203 (Waiting Time Penalties)<br>8. Labor Code § 226 and 1174 (Wage Statements)<br>9. Labor Code § 2802 (Unreimbursed Business Expenses)<br>10. Labor Code § 2699 (PAGA Penalties) |

Plaintiffs Felicia Cipolla and Alexis Wood (hereinafter "Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows:

**INTRODUCTION**

1. Plaintiffs bring this action as a Nationwide Representative Action on behalf of all current and former employees who are or have been employed during the last three years as "Promotional Specialist" for Defendants New Team LLC, doing business as Team Enterprises, and Team Enterprises, LLC ("Defendants") who elect to opt-in to this action. Plaintiffs allege that they and other non-exempt employees were denied overtime compensation and other wages in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. Plaintiffs also bring this action as a California-only Sub-Class on behalf of all of Defendants' current and former employees who are or have been employed within the State of California during the last four years as Promotional Specialists and who were (a) not paid overtime compensation and other wages; (b) not provided meal and rest breaks; (c) not provided lawful wage statements; and (d) who have not been reimbursed for all reasonable and necessary business expenses.

3. Plaintiffs also bring this action as a California-only Waiting Time Penalties Sub-Class on behalf of all of Defendants' current and former employees who are or have been employed within the State of California during the last three years as Promotional Specialists and who were not timely and properly paid their final wages at time of termination in violation of California Labor Code §§ 201-203.

4. Plaintiffs are unaware of the names and capacities of all Defendants who may have caused or contributed to the harms complained of herein, but will seek leave to amend this complaint once their identities become known. Upon information and belief, Plaintiffs allege that at all relevant times each defendant was the officer, director, employee, agent, representative, alter ego, joint employer, co-employer, or co-conspirator of each of the other defendants, and has engaged in the conduct alleged herein, and was in the course and scope of and in furtherance of such relationship.

5. The Nationwide Representative Action, the California Sub-Class, and the California

1 Waiting Time Penalties Sub-Class are hereafter collectively referred to as the "Class" or "Classes."

2       6.     The individual members of the Class are hereafter collectively referred to as the "Class Members."

## THE PARTIES

7.     Plaintiff Felicia Cipolla is an individual residing in El Sobrante, California. She was employed by Defendants from approximately 2013 to December 2017. She worked as a Promotional Specialist for Defendants within this judicial district.

8.     Plaintiff Alexis Wood is an individual residing in Sacramento, California. She was employed by Defendants from approximately 2013 to October 2017. She worked as a Promotional Specialist for Defendants within this judicial district.

9.     Defendant Team Enterprises, LLC is a Delaware limited liability corporation with its principal place of business in Fort Lauderdale, Florida. Team Enterprises, LLC does business throughout the state of California, including within this judicial district, and in other states throughout the United States.

10.     Defendant New Team, LLC is a Delaware limited liability corporation with its principal place of business in Fort Lauderdale, Florida. New Team, LLC does business throughout the state of California, including within this judicial district, and in other states throughout the United States.

11.     Defendants are in the business of marketing and promoting specific brands of products on behalf of clients who own or sell those products. Defendants employed Plaintiffs and those similarly situated to promote products at various events.

12.     Plaintiffs are informed and believe, and thereon allege, that each of the defendants herein was, at all times relevant to this action, the agent, employee, representing partner, and/or joint venture of the remaining defendants and was acting within the course and scope of the relationship. Plaintiffs are further informed, believe, and thereon allege that each of the defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining defendants.

///

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b) on account of the federal question at issue in this litigation.

14. This Court has also original jurisdiction pursuant to 28 U.S.C. §1332(a) over civil actions arising between citizens of different states.

15. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those claims derive from a common nucleus of operative facts.

16. Venue is proper pursuant to 28 U.S.C. § 1391 as Defendants are subject to personal jurisdiction in this district because they conduct business within this judicial district.

17. At all times herein mentioned, Defendants are business entities licensed to do business and doing business in the Northern District of California. Plaintiffs and other class members worked for Defendants within the Northern District of California. Based on the facts and circumstances incident to Defendants' business in California, Defendants are subject to the California Labor Code, California Business and Professions Code § 17200 *et seq.*, (Unfair Practices Act), the applicable Industrial Welfare Commission Wage Orders, and the FLSA.

## FACTUAL ALLEGATIONS

18. During the applicable statutory period, Plaintiffs and those similarly situated worked as Promotional Specialists (also known as Promotional Models and Brand Ambassadors) for Defendants.

19. Defendants improperly classified (and continue to improperly classify) Promotional Specialists, including Plaintiffs and those similarly situated, as exempt from FLSA and California wage and hour protections.

20. Defendants paid Plaintiffs and the other Promotional Specialists an hourly rate for time spent working at events, but did not pay them for all hours worked and paid below minimum wage for certain tasks. For instance, Defendants required them to show up for events at least 15 minutes early and perform work after the events ended, but did not pay them for this time. Defendants paid a flat sum of $5.00 for certain tasks that took a significant amount of time to complete.

21. Defendants did not pay Plaintiffs and the other Promotional Specialists overtime compensation at time and one-half for all hours worked in excess of eight hours per day and forty hours per week, as is required under California law and did not pay for all hours worked over forty hours per week, as is required under the FLSA. Defendants required the Promotional Specialists to travel between events, but did not consistently pay for travel time, and did not provide them with uninterrupted rest breaks and meal breaks as required by California law. In addition, Defendants did not pay for all of their business expenses, including mileage, parking, tolls and other reasonable business expenses, including deductions for ordinary losses due to no fault of the employees.

22. Plaintiffs and those similarly situated were not provided an opportunity to take meal breaks or rest breaks. Plaintiffs and those similarly situated regularly ate meals while they worked and worked through their meal and rest periods.

23. Defendants did not keep accurate records of the hours worked by Plaintiffs and those similarly situated. Defendants did not track whether Plaintiffs and those similarly situated took meal or rest periods. Because Defendants did not pay Plaintiffs and those similarly situated for all hours worked, including overtime hours, Defendants' wage statements did not accurately reflect all hours worked.

24. Because Defendants did not pay Plaintiffs and those similarly situated for all hours worked, Defendants did not provide Plaintiffs and those similarly situated all wages owed at the time they were no longer employed by Defendants.

25. Defendants' unlawful conduct is widespread, repeated and consistent across its offices around the United States.

26. Defendants' unlawful conduct was willful, in bad faith, and was part of a scheme causing significant damages to Plaintiffs and those similarly situated.

## CLASS ALLEGATIONS

27. Plaintiffs bring this action on behalf of a Nationwide Representative Action pursuant to the FLSA, 29 U.S.C. 216(b) and two California Sub-Classes pursuant to Federal Rule of Civil

Procedure 23.

28. The members of the Class and Sub-Classes are so numerous that joinder of all members is impracticable. The exact number of the members of the Classes can be determined by reviewing Defendants' records.

29. Plaintiffs will fairly and adequately protect the interests of the Classes and have retained counsel who are experienced and competent in class action and employment litigation. Plaintiffs have no interests that are contrary to, or in conflict with, members of the Class.

30. A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

31. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, the members of the Classes likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of California and United States law.

32. Even if any member of the Classes could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

33. There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole. Questions of law and fact common to each of the Classes predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

    a. Whether Defendants failed to pay the Class members for all hours worked;

    b. Whether Defendants failed to pay the Class members for time spent travelling between events;

    c. Whether the Class members are paid overtime compensation for hours worked over

forty per week;

    d. Whether the California Class members are provided legally compliant meal breaks;

    e. Whether the California Class members are provided legally compliant rest breaks;

    f. Whether the California Class members are provided lawful reimbursements for business expenses;

    g. Whether the California Class members are paid overtime compensation for hours worked over eight hours per day and forty per week;

    h. Whether the California Class members are reimbursed for all reasonable and necessary business expenses;

    i. Whether the Class members have sustained damages and, if so, what the proper measure of damages is.

34. The answers to these predominant common questions are equally applicable to all Class Members and are answers that will drive resolution of this litigation.

35. Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute the FLSA claims as a Nationwide Representative Action on behalf of the following similarly situated persons:

> All persons who are or have been employed, at any time from three years prior to the filing of this Complaint through the date of the Court's granting of conditional certification in this matter, by Defendant under the job title Promotional Specialist, or the functional equivalent, however titled (the "FLSA class")

36. Pursuant to Federal Rule of Civil Procedure 23(a) and (b), Plaintiffs also allege a California-only Sub-Class on behalf of:

> All persons who are or have been employed, at any time from four years prior to the filing of this Complaint through the date of the Court's granting of class certification in this matter, by Defendant in California under the job title Promotional Specialist, or the functional equivalent, however titled (the "California-only Sub-Class")

37. Pursuant to Federal Rule of Civil Procedure 23(a) and (b), Plaintiffs also allege a California-only Waiting Time Penalties Sub-Class on behalf of:

> All persons who are or have been employed, at any time from three years prior to the filing of this Complaint through the date of the Court's granting of class certification in this matter, by Defendant in California under the job title Promotional Specialist or

the functional equivalent, however titled, who did not timely receive all of their wages at time of separation (the "Waiting Time Penalty Sub-Class.")

38. Notice of the pendency and any resolution of this action can be provided to the Classes by mail, print, and/or internet publication.

## FIRST CAUSE OF ACTION

### (29 U.S.C. § 201 *et seq.* on behalf of the FLSA Class)

39. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

40. At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41. At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each member of the FLSA Class within the meaning of the FLSA.

42. As alleged above, Defendants had a policy and practice of failing to pay their non-exempt employees for all hours worked; failing to properly pay overtime compensation to non-exempt employees for hours worked in excess of forty hours per week; and, failing to pay for travel time between events.

43. Defendants' failure to pay Plaintiffs and all other members of the FLSA Class for all hours worked at their regular rate of pay and/or at the FLSA minimum wage rate, and overtime compensation at a rate not less than one and one-half times their regular rate for work performed beyond the 40 hour workweek is in violation of 29 U.S.C. §§ 206, 207.

44. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

45. Due to the Defendants' FLSA violations, Plaintiffs, on behalf of the members of the FLSA Class, are entitled to recover from Defendants unpaid overtime compensation and other wages, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

**(Labor Code §§ 510, 1194 on behalf of the California Sub-Class)**

46. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

47. California Labor Code § 510 states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week and/or 8 per day.

48. Defendants routinely failed to pay Plaintiffs and other Class members for all hours worked. Class members worked more than 40 hours per week and 8 hours per day, but were not paid overtime compensation.

49. Class members are paid hourly and do not meet any of the tests for exempt status under the California Wage Orders and/or the California Labor Code.

50. By their failure to pay wages for all hours worked, as alleged above, Defendants have violated and continue to violate the above noted provisions of the California Labor Code and the applicable IWC Wage Order. As a result of Defendants' unlawful acts, Plaintiffs and other Class members have been deprived of wages at the overtime rate, the regular rate and the minimum wage rate, and are entitled to recovery of such unpaid wages.

51. Due to Defendants' failure to pay the minimum wage for all hours worked, Plaintiffs and other Class members are entitled to liquidated damages, in an amount equal to the unpaid minimum wages, pursuant to Labor Code § 1194.2.

52. Plaintiffs and other Class members seek their unpaid minimum wages, overtime compensation, and other wages, including interest thereon and reasonable attorneys' fees and costs pursuant to Labor Code §§ 218.5 and 1194.

## THIRD CAUSE OF ACTION

**(Labor Code §§ 226.7 and 512 – Meal Period Violations - on behalf of the California Sub-Class)**

53. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

54.     In violation of Labor Code § 512 and IWC Wage Order 4-2001, Defendants failed to provide and document meal period breaks for the California Sub-Class in the number, length and manner as required.  In violation of Labor Code § 226.7, Defendants have failed to pay Plaintiffs and the other Class members their wages owed for not being provided meal period breaks as required by law. At no time have Plaintiffs or other Class members entered into any written agreement with Defendant expressly or impliedly waiving their right to their meal breaks.  Plaintiffs and the California Sub-Class have been injured by Defendants' failure to comply with Labor Code § 512 and IWC Wage Order 4-2001 and are thus entitled to the wages set forth in Labor Code § 226.7 and IWC Wage Order 4-2001 § 11.

55.     As a proximate result of the unlawful acts of Defendants, Plaintiffs and the other Class members have been deprived of premium wages in an amount unknown at this time, but which will be shown according to proof at the time of trial.  Further, Plaintiffs and the other Class members are entitled by statute to recover reasonable attorneys' fees, costs of suit, and interest and penalties on the unpaid amounts pursuant to Labor Code § 218.5.

### FOURTH CAUSE OF ACTION

**(Labor Code § 226.7 – Rest Period Violations - on behalf of the California Sub-Class)**

56.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

57.     Labor Code § 226.7 prohibits employers from requiring employees to work during any rest period mandated by the IWC Wage Orders. Section 226.7 also provides for the payment of a premium wage if an employer fails to authorize and permit employees to take rest periods.

58.     By their failure to authorize and permit Plaintiffs and other Class members paid 10-minute rest periods for every four (4) hours or major fraction thereof worked per day, and failing to provide premium pay compensation for denied rest periods, Defendants willfully violated the provisions of Labor Code § 226.7 and IWC Wage Order 4-2001, § 12.

59.     As a proximate result of the unlawful acts of Defendants, Plaintiffs and the other Class members have been deprived of premium wages in an amount unknown at this time, but which will

be shown according to proof at the time of trial. Further, Plaintiffs and the other Class members are entitled by statute to recover reasonable attorneys' fees, costs of suit, and interest and penalties on the unpaid amounts pursuant to Labor Code § 218.5.

**FIFTH CAUSE OF ACTION**

**(Bus. & Prof. Code § 17203 – Unpaid Overtime and Minimum Wages – on behalf of the California Sub-Class)**

60. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

61. Defendants have committed an act of unfair competition under California Business & Professions Code § 17200 *et seq*. by not paying the required state law overtime pay and minimum wages to the members of the California Sub-Class.

62. Pursuant to Bus. & Prof. Code § 17203, Plaintiffs request an order requiring Defendants to make restitution of all overtime and minimum wages due to the California Sub-Class.

**SIXTH CAUSE OF ACTION**

**(Bus. & Prof. Code § 17203 – Meal and Rest Breaks - on behalf of the California Sub-Class)**

63. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

64. In violation of Labor Code § 512 and IWC Wage Order 4-2001, Defendants failed to provide and document meal and rest period breaks for the California Sub-Class in the number, length and manner as required. At no time have Plaintiffs or other Class members entered into any written agreement with Defendants expressly or impliedly waiving their right to their meal and rest breaks. Plaintiffs and the other Class members have been injured by Defendants' failure to comply with Labor Code § 512 and IWC Wage Order 4-2001 and are thus entitled to the wages set forth in Labor Code § 226.7 and IWC Wage Order 4-2001 §§ 11 and 12.

65. Pursuant to Bus. & Prof. Code § 17203, Plaintiffs request Defendants make restitution of all wages due to the class under this Cause of Action.

## SEVENTH CAUSE OF ACTION

**(Labor Code § 203 on behalf of the California Sub-Class)**

66. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

67. Plaintiffs and the California Sub-Class were discharged by Defendants or voluntarily quit, and did not have a written contract for employment. Defendants, in violation of California Labor Code §§ 201 and 202 *et seq.* had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages of all such former employees. Defendants have willfully failed to pay the earned and unpaid wages of such individuals, including, but not limited to, straight time, overtime, meal and rest wages, and other wages earned and remaining uncompensated according to amendment or proof. Plaintiffs and the California Sub-Class did not secret or absent themselves from Defendants nor refuse to accept the earned and unpaid wages from Defendants. Accordingly, Defendants are liable for waiting time penalties for the unpaid wages pursuant to California Labor Code § 203.

## EIGHTH CAUSE OF ACTION

**(Labor Code §§ 226 and 1174 on behalf of the California Sub-Class)**

68. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

69. Defendants, as a matter of corporate policy, did not maintain or provide accurate itemized statements in violation of Labor Code §§ 226 and 1174.

70. Defendants did not accurately state, *inter alia*, the total hours worked or daily hours worked by Plaintiffs and other non-exempt employees in their pay statements. Defendants' failure to maintain accurate itemized statements was willful, knowing, intentional, and the result of Defendants' custom, habit, pattern and practice. Defendants' failure to maintain accurate itemized statements was not the result of isolated, sporadic or unintentional behavior. Due to Defendants' failure to comply with the requirements of Labor Code § 226, Plaintiffs and other non-exempt employees suffered damages.

71.     Such a pattern and practice as alleged herein is unlawful and creates an entitlement to recovery by Plaintiffs and the identified Class for all damages pursuant to Labor Code §§ 226, 1174, and 1174.5 including interest, attorneys' fees and costs.

### NINTH CAUSE OF ACTION

**(Labor Code § 2802 On Behalf Of The California Sub-Class)**

34.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

35.     Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

36.     While discharging their duties for Defendant, Plaintiffs and similarly situated members of the California Sub-Class have incurred reasonable and necessary work-related expenses. Such expenses include but are not limited to mileage reimbursement, bridge tolls, and parking.

37.     Defendant has failed to indemnify or in any manner reimburse Plaintiffs and other Class members for some of these expenditures and losses. By requiring those employees to pay expenses and cover losses that they incurred in direct consequence of the discharge of their duties for Defendants and/or in obedience of Defendants' direction or expectations, Defendants have violated and continues to violate Labor Code § 2802.

38.     By unlawfully failing to indemnify Plaintiff and similarly situated members of the California Sub-Class, Defendants are liable for reasonable attorneys' fees and costs under Labor Code § 2802(c).

39.     As a direct and proximate result of Defendants' conduct, Plaintiffs and similarly situated members of the California Subclass have suffered substantial losses according to proof, as well as pre-judgment interest, costs, and attorneys' fees for the prosecution of this action.

### TENTH CAUSE OF ACTION

**(Labor Code § 2699 et seq. on behalf of the California Sub-Class)**

72.     Plaintiffs incorporate the allegations contained in the previous paragraphs of this

- 13 -

Complaint as if fully set forth herein.

73. As alleged above, Defendants failed to comply with the California Labor Code. As such, Plaintiffs are "aggrieved employees" as defined in Labor Code § 2699(a). Pursuant to Labor Code § 2699, the Labor Code Private Attorneys General Act of 2004, Plaintiffs bring this action on behalf of themselves and other current and former employees against Defendants and seek recovery of applicable civil penalties as follows:

    a. where civil penalties are specifically provided in the Labor Code for each of the violations alleged herein, Plaintiffs seek recovery of such penalties;

    b. where civil penalties are not established in the Labor Code for each of the violations alleged herein, Plaintiffs seek recovery of the penalties established in § 2699(e) of the Labor Code Private Attorneys General Act of 2004, and in accordance with § 200.5 of the Labor Code.

74. On August 23, 2018, Plaintiffs filed and served the Labor and Workforce Development Agency with written notices of their intent to file a lawsuit pursuant to Labor Code § 2699 *et seq*. Plaintiffs thereafter served Defendants with written notices via certified mail of their intent to file a lawsuit pursuant to Labor Code § 2699 *et seq.*

75. The LWDA did not respond to the notices within the time provided by Labor Code § 2699.3.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the members of all classes, pray for judgment as follows:

1. For an order conditionally certifying the Nationwide Representative Action and for an order directing that notice be sent to all members of the FLSA Class;

2. For an order certifying the claims brought under California law and for an order directing notice be send to all members of the California Sub-Classes;

3. For damages, restitution, penalties, attorney fees and costs; and,

4. For prejudgment interest.

- 14 -

# JURY DEMAND

Plaintiffs hereby request a jury trial on all issues so triable.

Dated:  November 13, 2018  **WYNNE LAW FIRM**

By: _____*/s/Edward J. Wynne*_____
Edward J. Wynne
80 E. Sir Francis Drake Blvd., Suite 3G
Larkspur, CA 94939
Telephone   (415) 461-6400
Facsimile    (415) 461-3900

*Co-Counsel for Plaintiffs and the Putative Classes*

**MCCORMACK AND ERLICH, LLP**

By: _____*/s/Bryan J. McCormack*_____
Bryan J. McCormack, Esq.
150 Post Street, Suite 742
San Francisco, CA 94108
Telephone: (415) 296-8420
Facsimile:  (415) 296-8552

*Co-Counsel for Plaintiffs and the Putative Classes*


San Francisco, CA 94108
Telephone: (415) 296-8420
Facsimile:  (415) 296-8552
*Co-Counsel for Plaintiffs and the Putative Classes*