IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALEXIS WOOD and FELICIA CIPOLLA,
individually and on behalf of all others
similarly situated,

    Plaintiffs,

  v.

TEAM ENTERPRISES, LLC, and NEW
TEAM LLC, doing business as TEAM
ENTERPRISES,

    Defendants.

No. C 18-06867 WHA

**ORDER RE MOTION
TO COMPEL ARBITRATION**

## INTRODUCTION

In this wage-and-hour putative class action, defendants move to compel arbitration. For the following reasons, the motion is **DENIED**.

## STATEMENT

In 2013, defendants Team Enterprises, LLC and New Team, LLC hired plaintiffs Alexis Wood and Felicia Cipolla as part-time promotional models. Defendants classified plaintiffs as independent contractors and paid them an hourly wage. Plaintiffs allege they did not receive pay for all of the hours they worked, however, because defendants required them to arrive early and stay late without compensation. Defendants also paid a flat sum of five dollars for certain tasks that took a significant amount of time to complete and inconsistently paid for time spent traveling between events. Moreover, plaintiffs allege, defendants failed to provide required rest breaks and to maintain accurate records of the hours plaintiffs worked (Compl. ¶¶ 18–26).

In November 2014, plaintiffs signed acknowledgments attesting that they had received a copy of, and read, defendants' employee manual. The arbitration agreement, which spanned three pages and could be found on the tenth page of the manual, bore the title: "**DISPUTE RESOLUTION AND ARBITRATION AGREEMENT <u>READ THE FOLLOWING VERY CAREFULLY</u>**." The arbitration agreement provided that "[b]y agreeing to be employed by TEAM . . . and executing the Receipt and Acknowledgment of TEAM's Employee Manual . . . Employee will be bound by TEAM's dispute resolution and arbitration policies." The agreement covered "any civil claim, dispute, or controversy" between plaintiffs and New Team and "its parents, subsidiaries, [and] affiliates" (Herlihy Decl. Exhs. 1–3) (emphasis in original).

Plaintiffs filed this action in November 2018, asserting claims based on violations of the Fair Labor Standards Act, the California Labor Code, and the California Business and Professions Code, as well as a representative action through California's Private Attorneys General Act. Defendants answered the complaint and shortly thereafter filed the instant motion to compel arbitration (Dkt. Nos. 1, 16–17). This order follows full briefing and oral argument.

## ANALYSIS

Under the Federal Arbitration Act, a district court determines "whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). "To evaluate the validity of an arbitration agreement, federal courts should apply ordinary state-law principles that govern the formation of contracts." *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003) (quotations and citations omitted). If the court is satisfied "that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

A viable contract under California law requires: (1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) sufficient cause or consideration. *United States ex rel. Oliver v. Parsons Co.*, 195 F.3d 457, 462 (9th Cir. 1999). A contract is nevertheless unenforceable if it is both procedurally and substantively unconscionable. *Davis v. O'Melveny &*

*Myers*, 485 F.3d 1066, 1072 (9th Cir. 2007). Both procedural unconscionability and substantive unconscionability must be present, but courts employ a "sliding scale" whereby a stronger showing on one may make up for a weaker showing on the other. *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000) (citation omitted). Plaintiffs, as the parties resisting arbitration, bear the burden of proving unconscionability. *Pinnacle Museum Tower Assn. v. Pinnacle Mkt Dev., LLC*, 55 Cal. 4th 223, 236 (2012).

Procedural unconscionability refers to oppression or unfair surprise. *Armendariz*, 24 Cal. 4th at 114. Oppression is shown by "an inequality of bargaining power that results in no real negotiation and an absence of meaningful choice." *Flores v. Transamerica HomeFirst, Inc.*, 93 Cal. App. 4th 846, 853 (2001). Unfair surprise relates to "the extent to which the supposedly agreed-upon terms are hidden in the prolix printed form drafted by the party seeking to enforce them." *Ibid*. Here, it is clear that some procedural unconscionability permeates the agreement because plaintiffs indisputably lacked equal bargaining power and the agreement was presented to them on a take-it-or-leave-it basis.

Substantive unconscionability concerns how one-sided a bargain is. *Armendariz*, 24 Cal. 4th at 114. An arbitration clause that lacks mutuality without a reasonable justification is sufficient to find unconscionability. *Id*. at 117–18. In the instant case, plaintiffs have identified three unconscionable provisions in the arbitration agreement. *First*, the attorney's fees provision in the arbitration agreement requires the non-prevailing party to pay the prevailing party's attorney's fees irrespective of whether the non-prevailing party is an employee. Under California law, however, where an employee unsuccessfully brings a claim for the nonpayment of wages, a prevailing employer can recover attorney's fees and costs only if the lawsuit was brought in bad faith. Cal. Labor Code § 218.5(a). Defendants do not seriously defend the propriety of this provision beyond describing it as "mutual." Because the arbitration agreement's attorney's fees provision conflicts with California law, it is unconscionable.

*Second*, the arbitration agreement applies a one-year limitations period for claims asserted in arbitration. By contrast, the California Labor Code, under which most of plaintiffs' claims are brought, provides for three to four-year limitations periods. The shortened limitations

3

period provided by defendants' arbitration agreement is therefore unconscionable. *Martinez v. Master Prot. Corp.*, 118 Cal. App. 4th 107, 117–18 (2004). Defendants' argument that the statute of limitations provision applies equally to both plaintiffs and defendants misses the point. Even if the shortened statute of limitations is mutually applied, a provision is unconscionable under California law if it imposes a significantly shorter period than the statutory limitations period for the types of wage and hour claims asserted here. *Ibid.*

*Third*, the choice-of-law provision selects Florida law to govern the parties' disputes. Plaintiffs argue that this runs contrary to Section 925(a)(2) of the California Labor Code, which provides that "[a]n employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would . . . [d]eprive the employee of the substantive protection of California law with respect to a controversy arising in California." Although neither side has identified any conflict between California and Florida substantive law, defendants essentially concede that the choice-of-law provision is unconscionable by solely arguing that the choice of law provision should be severed.[1]

Defendants argue that even if unconscionable, the provisions set forth above are severable. Where an arbitration agreement's unconscionable provisions are severable, a court may still refuse to enforce an arbitration agreement that is "so permeated with unconscionable clauses that we cannot remove the unconscionable taint from the agreement." *Ferguson v. Countrywide Credit Industries, Inc.*, 298 F.3d 778, 788 (9th Cir. 2002). Under California law, "[a]n employment arbitration agreement can be considered permeated by unconscionability if it 'contains more than one unlawful provision.'" *Murphy v. Check 'N Go of California, Inc.*, 156 Cal. App. 4th 138, 149 (2007), as modified (Nov. 9, 2007) (quoting *Armendariz*, 24 Cal. 4th at 124). Although certain parts of the parties' arbitration agreement are not unconscionable, the

---

[1] Plaintiff also argues that the arbitration agreement is unconscionable because defendants can unilaterally modify the agreement. In the face of procedural unconscionability, our court of appeals has concluded that a provision affording an employer "the unilateral power to terminate or modify the contract is substantively unconscionable." *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1179 (9th Cir. 2003). Our court of appeals has since recognized, however, that "the implied covenant of good faith and fair dealing prevents a party from exercising its rights under a unilateral modification clause in a way that would make it unconscionable." *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1033 (9th Cir. 2016); *see also Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1269 (9th Cir. 2017). In any event, this order need not resolve the unconscionability of this particular provision in the face of the three unconscionable provisions already discussed.

4

inclusion of the problematic provisions set forth above shows that the arbitration agreement is permeated with unconscionability. So many provisions would have to be severed that the remaining fragment would look like Swiss cheese. The agreement as a whole should therefore be rendered inoperative.

## CONCLUSION

For the forgoing reasons, the motion to compel arbitration is **DENIED**. This case will proceed in accordance with the case management order already entered herein.

**IT IS SO ORDERED.**

Dated: April 7, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE