IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALEXIS WOOD and FELICIA CIPOLLA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

TEAM ENTERPRISES, LLC, and NEW TEAM LLC, doing business as TEAM ENTERPRISES,

Defendants.

No. C 18-06867 WHA

**ORDER GRANTING IN PART MOTION TO STAY AND VACATING JUNE 20 HEARING**

**INTRODUCTION**

In this wage-and-hour putative class action, defendants move to stay the action pending appeal of an order denying arbitration. For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART**. The June 20 hearing is **VACATED**.

**STATEMENT**

In 2013, defendants Team Enterprises, LLC and New Team, LLC hired plaintiffs Alexis Wood and Felicia Cipolla as part-time promotional models. Defendants classified plaintiffs as "independent contractors" and paid them an hourly wage. Plaintiffs allege they did not receive pay for all of the hours they worked because defendants required them to arrive early and stay late without compensation. Defendants also paid a flat sum of five dollars for certain tasks that took a significant amount of time to complete and inconsistently paid for time spent traveling

between events. Moreover, plaintiffs allege, defendants failed to provide required rest breaks and to maintain accurate records of the hours plaintiffs worked (Compl. ¶¶ 18–26).

In November 2014, plaintiffs signed acknowledgments attesting that they had received a copy of, and read, defendants' employee manual. An arbitration agreement on the tenth page of the manual provided that "[b]y agreeing to be employed by TEAM . . . and executing the Receipt and Acknowledgment of TEAM's Employee Manual . . . Employee will be bound by TEAM's dispute resolution and arbitration policies." The agreement covered "any civil claim, dispute, or controversy" between plaintiffs and New Team and "its parents, subsidiaries, [and] affiliates" (Dkt. No. 17-1, Exhs. 1–3).

Plaintiffs filed this action in November 2018, asserting claims based on violations of the Fair Labor Standards Act, the California Labor Code, and the California Business and Professions Code, as well as a representative action through California's Private Attorneys General Act. Defendants answered the complaint and filed a motion to compel arbitration. After full briefing and oral argument, an April 7 order denied defendants' motion. Defendants then appealed that order and now move for a stay of proceedings pending the outcome of that appeal (Dkt. Nos. 1, 16–17, 25, 35). This order follows full briefing. Pursuant to Civil Local Rule 7-1(b), this order finds the pending motion suitable for submission without oral argument and hereby **VACATES** the hearing scheduled for June 20.

## ANALYSIS

Whether to issue a stay is within the district court's discretion. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). This requires the court to weigh four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Ibid.* (citation omitted). In the Ninth Circuit, courts weigh these factors using a sliding scale approach, under which "a stronger showing of one element may offset a weaker showing of another." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (citation omitted).

### 1. LIKELIHOOD OF SUCCESS ON THE MERITS.

Defendants argues that they are likely to succeed on the merits of their appeal because the arbitration agreement at issue delegates gateway issues of arbitrability to the arbitrator. In its motion to compel arbitration, however, defendants affirmatively argued that their arbitration agreement was valid and enforceable while making only passing reference to the delegation provision and failing to raise the issue in its reply brief or at oral argument. Having considered the matter abandoned, the April 7 order proceeded to address plaintiffs' arguments regarding the unconscionability of the arbitration agreement. Nevertheless, because of the lack of precedent directly on point as to whether this constitutes abandonment or waiver, and because of the strong preference for arbitration embodied in the Federal Arbitration Act, defendants have raised serious questions as to whether plaintiffs' unconscionability arguments should be addressed by the arbitrator rather than the district court. *See Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990).[*]

### 2. IRREPARABLE HARM AND BALANCE OF HARDSHIPS.

Defendants argue that, absent a stay, they may be forced to incur substantial time and resources only for our court of appeals to determine that the case should proceed in arbitration. Yet, all discovery in this action will be usable in any future arbitration (if arbitration is ever required). We would just be that much further along if and when arbitration is ever required. A stay, moreover, would likely force plaintiffs to wait an extended period for any progress in this action, during which time relevant data may disappear and witnesses' memories may fade. This order agrees that there is a risk of harm to plaintiffs if a stay is imposed, and finds that defendants have not shown that the balance of hardships tips in their favor. Nevertheless, in order to mitigate any potential for unnecessary costs, this order limits discovery to that concerning the named plaintiffs for the pendency of defendants' appeal of the order denying arbitration.

---

[*] Because defendants have raised serious questions regarding the enforceability of the arbitration agreement's delegation clause, this order does not reach defendants' alternative challenges to the April 7 order's conclusion that the arbitration agreement is permeated with unconscionability.

3

**3.    THE PUBLIC INTEREST.**

Finally, defendants contend that the public interest would be served by a stay because there is a strong national policy in favor of arbitration and a stay would conserve judicial resources that would otherwise be wasted if defendants succeeds on its appeal. But this Court has found the arbitration agreement is unenforceable, so the premise of this argument is doubtful. Meanwhile, we have a need for the "just, speedy, and inexpensive" determination of this action, as contemplated by FRCP 1.

**CONCLUSION**

For the foregoing reasons, defendants' motion for a stay pending its appeal of the order denying arbitration is **GRANTED IN PART AND DENIED IN PART** and the June 20 hearing is **VACATED**. Defendants' alternative request for a temporary stay of this action to allow defendants time to move our court of appeals for a stay is also **DENIED**. During the pendency of defendants' appeal, however, discovery shall be limited to that concerning the named plaintiffs. Upon receiving the court of appeals' schedule on defendants' appeal, the parties shall propose an amended case management schedule to reflect any additional time needed for class discovery and for plaintiffs' motion for class certification.

**IT IS SO ORDERED.**

Dated: June 11, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE