UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS WOOD and FELICIA CIPOLLA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TEAM ENTERPRISES, LLC, and NEW TEAM LLC, doing business as TEAM ENTERPRISES,<br><br>Defendants. | No. C 18-06867 WHA<br><br>**ORDER RE PLAINTIFF WOOD'S MOTION TO LIFT STAY AND AMEND** |

**INTRODUCTION**

Before our court of appeals, defendants succeeded in obtaining an order that the arbitration clause delegated the question of unconscionability to the arbitrator. On remand, therefore, this Court required both plaintiffs to proceed to arbitration and stayed the case. Each plaintiff got a different arbitrator. One of the arbitrators ruled that the arbitration clause was unconscionable and therefore unenforceable. The other arbitrator found that the provision was enforceable. The plaintiff who prevailed before the arbitrator now seeks to vacate the stay and to proceed in the district court (Dkt. Nos. 1, 23, 25, 41, 48, 53).

Defendants resist on the ground that the other arbitrator came out the other way. The proper answer is the case will proceed in the district court as to the plaintiff for whom the arbitrator found the agreement is unconscionable. The other plaintiff will proceed in

arbitration (unless that arbitrator changes his or her mind). Having insisted on submitting the question of arbitrability to an arbitrator and having stripped plaintiffs of their right to class treatment, defendants will not be allowed to wiggle off their loss before the arbitrator. Their fix is entirely of their own making. To the extent stated below, the motion to vacate the stay, to amend, and to join additional plaintiffs, is **GRANTED**.

## STATEMENT

Plaintiffs Alexis Wood and Felicia Cipolla commenced this putative wage-and-hour class action in November 2018. A prior order detailed the facts (*see* Dkt. No. 48). As stated, Wood and Cipolla individually moved in arbitration to strike the arbitration clause. Cipolla's arbitrator found her arbitration provision enforceable, and Cipolla has moved for reconsideration. In September 2021, Judge Lynn Duryee (Ret.) ruled that Wood's claims are not subject to mandatory arbitration. Wood now requests that this order lift the stay and join Bernadette Blanchard and Shirin Lessan as putative named plaintiffs. Blanchard and Lessan worked as Team Enterprises promotion specialists in California (Blanchard for 2013–2017; Lessan for 2014–2016). Both have arbitrated their motions to strike the arbitration clauses before Judge Duryee, who found their arbitration provisions unenforceable (Wynne Decl. Exh. 1, ¶¶ 9–10).

This order follows full briefing and oral argument.

## ANALYSIS

**1. MOTION TO LIFT THE STAY.**

Defendants contend that where (as here), identical claims by two plaintiffs were sent to arbitration, the district court lacks discretion to lift the stay until *both* arbitrations finish. Our court of appeals has not addressed this question head on. This order finds that Section 3 of the Federal Arbitration Act (FAA) does not compel a stay as to Wood:

2

> If any suit or proceeding be brought . . . upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, ***upon being satisfied that the issue involved in such suit or proceeding is referable* [sic] *to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement***, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added). When a plaintiff brings multiple claims, one of which is "not subject to arbitration," the "defendant [is] not entitled to a stay as a matter of right under the provisions of the Arbitration Act, 9 U.S.C. § 3." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 861 (9th Cir. 1979).

Applying *Leyva*, this Court came to the same conclusion about multiple plaintiffs. Each plaintiff brought usury (among other) claims, but all parties agreed that just one was subject to arbitration. Our order found that Section 3 did not require staying the other plaintiffs' non-arbitrable claims and the order refused to do so as a matter of discretion. *See Blair, et. al. v. Rent-A-Ctr., Inc.*, 2018 WL 2234049, at *3 (N.D. Cal. May 16, 2018). Our court of appeals affirmed the denial of the Section-3 and discretionary stay requests by simply stating that it had no jurisdiction to review the refusal of a discretionary stay. *Blair, et. al. v. Rent-A-Ctr., Inc.*, 928 F.3d 819, 832 (9th Cir. 2019), 2018 WL 2244804 (*quoting* 9 U.S.C. § 16(a)(1)(A)) (emphasis added); s*ee* Brief of Appellants at 3, *Blair*, 928 F.3d 819. Had our order erred in denying a Section-3 stay, said error would have conferred jurisdiction. Our court of appeals therefore implicitly agreed that Section 3 did not cover the non-arbitrable claims.

Similarly, in *Mendez v. Puerto Rican Intern. Companies, Inc.*, 553 F.3d 709, 711 (3d Cir. 2009), the lower court found that arbitration agreements bound just eight of the plaintiffs and refused to stay the forty-one others' non-arbitrable claims. On appeal, the panel approved. *Mendez* held that Section 3 was "not intended to mandate curtailment of the litigation rights of anyone who has not agreed to arbitrate any of the issues before the court." *Ibid*. At our hearing, defendants protested that the *Mendez* plaintiffs brought individual, not class claims. As defendants will doubtless argue at class certification, our plaintiffs also remain (for now) mere individuals.

1    Defendants rely on analogies in which various district courts denied motions to vacate
2    stays under Section 3 despite the presence of non-arbitrable claims. These analogies fail. Each
3    plaintiff sought to lift a Section-3 stay to amend the pleadings and delete the arbitrable claims
4    but lost because they were attempting to skirt the FAA. Unquestionably, vacating those stays
5    would have violated Section 3, because it would have required lifting the stay on still-
6    arbitrable claims. *See Marron v. Healthsource Global Staffing, Inc.*, 2020 WL 4284818, at *3
7    (N.D. Cal. July 27, 2020) (Judge Kandis A. Westmore), *Lovig v. Best Buy Stores LP*, 2019 WL
8    2568851, at *1 (C.D. Cal. Jan. 25, 2019) (Judge Phyllis J. Hamilton), and *Murphy v. Finish
9    Line, Inc.*, 2021 WL 2166875 (N.D. Cal. May 27, 2021) (Judge William H. Orrick). *Johnson
10   v. JP Morgan Chase Bank, N.A.*, 2019 WL 2004140 at *9 (C.D. Cal. Jan. 25, 2019) (Judge
11   Jesus G. Bernal), similarly does not apply. There, a plaintiff sought to add an injunctive claim
12   and lost because he sought to evade the FAA.

Our facts fit within the four corners of *Blair* and *Mendez*. Cipolla's claims must go through arbitration (for now). Wood's need not, Wood having prevailed on the threshold issue of arbitrability. Section 3 does not require Wood to wait any longer and defendants do not seek a discretionary stay. Wood's motion to lift the stay is therefore **GRANTED**.

2.    **AMENDMENT AND JOINDER.**

Defendants oppose amendment, arguing the lenient Rule 15 standard rather than Rule 16. The initial and amended scheduling orders, however, set June 9, 2019, as the final date for amending the pleadings. Rule 16 would normally govern. With defendants' concession, this order applies Rule 15 (*see* Dkt. Nos. 23, 26).

Rule 15 dictates that leave to amend shall be freely given when justice requires. A district court weighs: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended the complaint. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "A motion to make an amendment is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (cleaned up).

4

1  Contrary to defendants' argument, leave to amend may be granted prior to class
2  certification. Defendants cite opposing, inapplicable district court decisions. In one, putative-
3  class-action plaintiffs who had already settled sought to join new plaintiffs as substitutes. *See*
4  *Garcia v. Lane Bryant, Inc.*, 2012 WL 293544 at *3–4 (E.D. Cal. Jan. 31, 2012) (Judge Dennis
5  L. Bleck). In another, plaintiffs who had already withdrawn their claims moved to do the
6  same. *See Velasquez v. GMAC Mortg. Corp.*, 2009 WL 2959838 at *3 (C.D. Cal. Sept. 10,
7  2009) (Judge Dean D. Pregerson). Having resolved their claims before class certification,
8  those plaintiffs stripped the district courts of case or controversy. Here, case and controversy
9  persevere.

10  We turn now to the Rule 15 factors. Defendants complain about (2), undue delay, and
11  (3), prejudice (Opp. Br. at 6–7). With respect to (1), (4), and (5), this order perceives no bad
12  faith, futility, or prior amendment.

13  As for undue delay, the defendants moved early in the case to compel arbitration;
14  thereafter the delays have resulted from defendants' interlocutory appeal and arbitration.
15  Blanchard and Lessan apparently worked with plaintiffs' counsel to arbitrate and have received
16  the decision that their arbitration agreements are unenforceable. Given the delegation clause,
17  moving to amend sooner would have proven futile.

18  Defendants claim prejudice because Wood is "benefiting" from litigating in two fora,
19  apparently by demanding discovery in the Cipolla arbitration (Garcia Perez Decl. ¶ 8).
20  Defendants compelled arbitration and defendants could consolidate proceedings at the district
21  court if they wished to streamline discovery. Wood, not knowing if the motion to vacate the
22  stay would succeed, cannot be blamed for pursuing discovery in the forum that defendants
23  chose. Nor is it a wasted effort. The same discovery will proceed in our litigation.
24  Defendants are correct, however, that plaintiffs should not have alleged representative Private
25  Attorneys General Act (PAGA) claims for Blanchard or Lessan as those claims are time-
26  barred.

27  As for permissive joinder, under Rule 20 of the Federal Rules of Civil Procedure, a
28  plaintiff may join any persons as defendants if: (1) any right to relief asserted against the

defendants relates to or arises out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there is at least one question of law or fact common to all the defendants. *See* FRCP 20(a); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Defendants neither mentioned Rule 20 nor opposed joinder (only amendment). Blanchard and Lessan worked in the same position and for the same bosses as Wood and Cipolla during the same basic period. They, too, allege violations of various wage laws. Both have arbitrated. Their joinder satisfies the Rule 20 standard.

Leave to amend and join Blanchard and Lessan is **GRANTED** so long as Wood promptly deletes Lessan and Blanchard's PAGA claims, as she says she will (*see* Reply Br. at n. 1).

## CONCLUSION

To the extent stated above, the motion to lift the stay, amend, and join new plaintiffs is **GRANTED**.

**IT IS SO ORDERED.**

Dated: October 26, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE